UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-158 |
|  | : | Case No. 1:16-cv-404 |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 30, 33, 34] |
| MARKCUS D. BERRY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 19, 2013, Defendant Markcus D. Berry pled guilty to being a felon in possession of a firearm.[1] Berry petitions for habeas corpus relief under 28 U.S.C. § 2255.[2] Defendant says his sentence is unconstitutional, he is actually innocent, and he received ineffective assistance of counsel.[3] These arguments lose.

First, Berry argues that his predicate offenses no longer qualify as crimes of violence and he was improperly sentenced under the United States Sentencing Guideline § 2K2.1.[4] The Supreme Court's recent opinion in *Beckles v. United States*[5] forecloses his argument.

Defendant Berry's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[6] If a sentencing court imposed an increased sentence based on felonies that qualified

---

[1] Doc. 33 at 1.
[2] Doc. 30. The Government opposes. Doc. 33.
[3] Doc 30.
[4] *Id.* at 4.
[5] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[6] ___ U.S. ___, 135 S. Ct. 2551 (2015).

Case No. 1:13-cr-158
Gwin, J.

under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[7]

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[8]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[9] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness." [10]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[11]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Berry's sentence is constitutional.

Next, Berry raises actual innocence and ineffective assistance of counsel claims.[12] Berry says his predicate offenses do not qualify him as a felon because they carry sentences of less than

---

[7] *Id.*
[8] Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[9] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[10] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[11] *Id.*
[12] Doc. 30.

Case No. 1:13-cr-158
Gwin, J.

a year.[13] Berry reasons that this Court never should have sentenced him as a felon in possession of a firearm and his attorney gave ineffective assistance by failing to argue this point.[14]

These arguments lose.

Berry is a felon. Under 18 U.S.C. § 922(g)(1), a defendant may be prosecuted as a felon in possession of a firearm if he "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." Berry was convicted of fourth degree assault on a police officer,[15] a crime punishable by imprisonment for up to eighteen months.[16] Defendant's actual innocence claim fails.

Berry did not receive ineffective assistance of counsel. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial."[17] Defense counsel had no responsibility to argue that Berry was not a felon.

Therefore, for the foregoing reasons, this Court **DENIES** Defendant Berry's § 2255 petition.

IT IS SO ORDERED.

Dated: April 3, 2017　　　　　　　　　　　　　　　*s/　　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 5-6.
[14] *Id.* at 5-6, 8.
[15] Doc. 23 at 9.
[16] Ohio Rev. Code Section 2929.14(A)(4).
[17] *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014).